# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL HAGAN, | : |
| | :Civil Action No. 3: 19-CV-960 |
| Plaintiff, | : |
| | :(JUDGE MARIANI) |
| v. | : |
| | : |
| PROGRESSIVE INSURANCE COMPANY, | : |
| | : |
| Defendant. | : |

## MEMORANDUM OPINION

Plaintiff's Motion to Remand to the Court of Common Pleas of Pike County, Pennsylvania (Doc. 3) is pending before the Court. Defendant removed this matter from the Court of Common Pleas on June 4, 2019. (Doc. 1.) At the time, Plaintiff had served Defendant with a Writ of Summons (Doc. 1 at 1 ¶¶ 1-2; Doc. 1-1 at 2), but no complaint had been filed. With its Notice of Removal, Defendant linked the Court of Common Pleas Writ of Summons with the action removed to this Court on November 22, 2017, docketed at 3:17-CV-2155. (Doc. 1 at 1 ¶¶ 3-9.) More specifically, Defendant linked the filing of the State court writ of summons and the subpoenas issued the same day to Defendant's employees Brian Pulley and Kimberly Kyack (requiring them to appear for depositions in the newly filed case) with this Court's May 10, 2019, Order in which the undersigned directed that Brian Pulley was not required to sit for a deposition but, if Plaintiffs in that action believed that his deposition was necessary after reviewing Defendant's answers to interrogatories, they could

move the Court to take his deposition (Civ. A. No. 3:17-CV-2155 Doc. 77). (Doc. 1 ¶¶ 10, 12-13.)

28 U.S.C. § 1441 permits the removal of certain civil actions originally filed in state court from the state to federal court. The removal procedure is set forth in section 1446, which provides in relevant part as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). A "party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990). "Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir.2014) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir.1992) (internal alterations and quotation marks omitted)).

The Third Circuit, interpreting the United States Supreme Court case *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), has held that the phrase "initial pleading" in section 1446(b) means "the complaint" and that "a writ of summons can no longer be the 'initial pleading' that triggers the 30–day period for removal under the first paragraph of 28 U.S.C. § 1446(b)." *Sikirica v.*

*Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir.2005); *see also Laborde v. Mount Airy Casino*, Civ. A. No. 3:14-CV-02117, 2015 WL 2219454, at *1–2 (M.D. Pa. May 11, 2015).

In their Notice of Removal, Defendant acknowledged that "a Writ of Summons itself may not be removable, [but] the filing or service of additional documents can give rise to a right to removal without the filing of an actual Complaint." (Doc. 1 ¶ 11 (citing *Conklin v. Kane*, 634 F. App'x 69 (3d Cir. 2015)).) In support of the pending motion, Plaintiff asserts that the writ of summons and related subpoenas do not support removal. (Doc. 4 at 4-12 (citations omitted).) While Defendant acknowledges in its opposition brief that "*Conklin* may not be controlling" in this case because it does not involve the federal officer removal statute, 28 U.S.C. § 1442, at issue there, Defendant nevertheless urges the Court to find the circumstances of this case to present a similarly unique scenario. (Doc. 5 at 5.) Defendant asserts that the subpoenas issued to two of Defendant's employees on the same day as the Writ of Summons was filed, one of which was in contravention of this Court's discovery order in the presumably related action, give rise to the right of removal. (*Id.*) Defendant concludes that "Plaintiff should not be permitted to avoid the Orders of this Court simply by filing a Writ of Summons and sending Subpoenas under the guise of pre-complaint discovery." (*Id.*)

Given the authority cited above, including the need to strictly construe the removal statutes and resolve all doubt in favor of remand, *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d at 208, the Court concludes that Defendant has not shown that removal is

proper in this case. The Court declines to find that Plaintiff's service of subpoenas connected with the filing of the Writ of Summons (see Doc. 1 ¶ 10) provides the kind of special circumstance which would warrant retaining jurisdiction. Rather, the Court concludes that remand of the matter to the Court of Common Pleas of Pike County is appropriate. Once remanded, Defendant will be in a position to file a praecipe for a rule to file a complaint. See Pa. R. Civ. P. 1036(a).

On the basis of the foregoing discussion, the Court will grant Plaintiff's Motion to Remand to the Court of Common Pleas of Pike County, Pennsylvania (Doc. 3) and remand this matter to the Court of Common Pleas of Pike County. An appropriate Order is filed simultaneously with this Memorandum Opinion.

Robert D. Mariani
United States District Judge